UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELVIS JOHNSON,

        Plaintiff,              Case No. 1:15-cv-933

v.                                      Honorable Gordon J. Quist

MICHIGAN DEPARTMENT OF
CORRECTIONS et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a paroled state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

### Factual Allegations

Plaintiff Elvis Johnson is a former prisoner who was paroled to the Kalamazoo Probation Enhancement Program, Inc. (KPEP) on July 28, 2015. He sues the following Defendants: the Michigan Department of Corrections (MDOC); the Michigan Parole Board (MPB); MPB member Michael C. Eagen; Parole Agents Matthew Clayton and Calvin Sterdivant; KPEP Program Manager Robin Sherick; and Parole Office Supervisor Dejuan Turner.

While he was on parole from a 2005 sentence for attempted delivery or manufacture of less than 50 grams of cocaine, Plaintiff was convicted of second-degree home invasion, MICH. COMP. LAWS § 110a(3), and aggravated indecent exposure, MICH. COMP. LAWS § 750.335a(2)(b). On July 21, 2008, he was sentenced, as a second felony offender, MICH. COMP. LAWS § 769.10, to respective prison terms of two to fifteen years and one to two years.

In his complaint, Plaintiff contends that he has been unlawfully paroled to KPEP to complete a residential sex offender program, despite the fact that his prison term for aggravated indecent exposure officially expired on October 4, 2012. He argues that, because his sex-related offense has expired and he is not a registered sex offender, Defendants lack authority to keep him in a KPEP program. Instead, he argues, he should have been released on general parole with standard conditions. Plaintiff also asserts that, because he was sentenced to a maximum of two years for the indecent-exposure conviction, he should have been discharged on that offense well before October 2012. He argues that he illegally served 803 days beyond his two-year maximum sentence on the conviction.[1]

Plaintiff seeks release from KPEP. He also seeks damages for the excessive confinement on the indecent-exposure conviction and for his parole placement in KPEP.

**Discussion**

I. <u>Sovereign Immunity</u>

Plaintiff may not maintain a § 1983 action against the MDOC or the MPB. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or

---

[1] The Court observes that, under Michigan law, because Plaintiff was on parole from a 2005 sentence at the time of his 2008 convictions, his 2008 sentences did not begin to run until Plaintiff served the remaining portion of his 2005 sentence. *See* MICH. COMP. L. § 768.7a(2). Plaintiff's calculations appear not to consider the consecutive nature of his sentence. Nevertheless, because the petition is subject to dismissal on other grounds, the Court need not reach the issue of whether Plaintiff served an excessive period of time on his indecent-exposure conviction. In addition, the Court need not reach the issue of whether any challenge to the calculation is barred by the concurrent-sentencing doctrine. *See United States v. Burkhart*, 529 F.2d 168, 169 (6th Cir. 1976); *Hirabayashi v. United States*, 320 U.S. 81, 105 (1943).

Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC and the MPB (which is part of the MDOC) are absolutely immune from suit under the Eleventh Amendment. *See, e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010) (MDOC); *Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005) (MPB); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000) (MDOC); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 492 (6th Cir. 2004) (MPB). In addition, the State of Michigan (acting through the MDOC and the MPB) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the Michigan Department of Corrections and the Michigan Parole Board.

II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To the extent that Plaintiff contends that Defendants kept him incarcerated too long on his indecent-exposure conviction, his claim is not cognizable at this time. A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody). Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must

be dismissed. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004) (dismissal is appropriate where § 1983 action seeks equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

In addition, to the extent that Plaintiff seeks injunctive, declaratory and monetary relief for the allegedly unlawful duration of his incarceration on the indecent-exposure conviction, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]."  *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted).  The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief.  *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages);  *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief).  Plaintiff's allegations clearly call into question the length of his incarceration

on the indecent-exposure conviction. Therefore, his action is barred under *Heck* until the duration of his sentence has been invalidated.[2]

Finally, to the extent that Plaintiff claims that Defendants violated his due process rights by paroling him to KPEP for completion of a sex-offender program as a condition of parole, he fails to state a claim. To establish a procedural due process violation, a plaintiff must prove that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006); *see also Swihart v. Wilkinson,* 209 F. App'x 456, 458 (6th Cir. 2006). Plaintiff fails to raise a claim of constitutional magnitude because he has no liberty interest in being released on parole or being release on parole on particular conditions. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a liberty interest in parole. The Sixth Circuit reiterated the continuing validity of *Sweeton* in *Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011). In *Crump*, the court held that the adoption of specific parole guidelines since *Sweeton* does not lead to the

---

[2] A court's dismissal of a claim on the basis that it is barred by *Heck v. Humphrey* is properly considered a dismissal under 28 U.S.C. § 1915(g) because it fails to state a claim on which relief can be granted. *See Hunt v. Michigan*, 482 F. App'x 20, 22 (6th Cir. 2012) (a claim barred by *Heck* is properly dismissed for failure to state a claim); *Morris v. Cason*, 102 F. App'x 902, 903 (6th Cir. 2004) (same).

conclusion that parole release is mandated upon reaching a high probability of parole. *See id.*; *see also Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003). In addition, the Sixth Circuit has rejected the argument that the Due Process Clause is implicated when changes to parole procedures and practices have resulted in incarcerations that exceed the subjective expectation of the sentencing judge. *See Foster v. Booker*, 595 F.3d 353, 369 (6th Cir. 2010). Finally, the Michigan Supreme Court has recognized that there exists no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999).

Because Plaintiff does not have a protected interest in parole, it follows that he does not have a protected interest in obtaining the privileges that may accompany it. *See Catanzaro v. Harry*, 848 F. Supp. 2d 780, 794 (W.D. Mich. 2012), *aff'd* No. 13-1540 (6th Cir. Dec. 4, 2013). Consequently, in setting the terms of Plaintiff's parole, Defendants were not obligated to bestow on Plaintiff any more liberty than he could have expected as a prison inmate serving the term of his sentence. *Id.* Thus, the conditions of Plaintiff's parole implicate Plaintiff's right to due process only if they either (1) exceeded the sentence imposed on Plaintiff "in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force" *Sandin*, 515 U.S. at 484 (citing *Vitek v. Jones*, 445 U.S. 480 (1980)), or (2) imposed "significant and atypical hardship in relation to the ordinary incidents of prison life." *Id., cited in Catanzaro*, 848 F. Supp. 2d at 794. Plaintiff does not even argue that his home-invasion sentence has expired and that he is entitled to complete release from confinement. In addition, this Court previously has rejected the notion that, ordinarily, placement of a parolee in the KPEP program does not rise to the level of a significant and atypical hardship under *Sandin*. *See Catanzaro*, 848 F. Supp. 2d at 797. Plaintiff has not identified any way in which the conditions of KPEP under which he is confined are different from those discussed in *Catanzaro*. Plaintiff therefore has no liberty interest in his parole or parole conditions. Until Plaintiff has served his 15-year maximum sentence on the home-invasion conviction, he has no

reasonable expectation of liberty. As a consequence, Plaintiff fails to state a claim for a violation of his procedural due process rights.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). In light of the dismissal, Plaintiff's motion to expedite his case (docket #3) will be denied as moot.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to Rule 24(a) of the Federal Rules of Civil Procedure.

A Order and Judgment consistent with this Opinion will be entered.


Dated:  October 6, 2015              /s/ Gordon J. Quist
                                     GORDON J. QUIST
                                     UNITED STATES DISTRICT JUDGE